**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAWSON G. STEVE,<br><br>    Plaintiff<br><br>v.<br><br>TUNI, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00506-MMD-CSD<br><br>**Order and<br>Report & Recommendation of<br>U.S. Magistrate Judge**<br><br>Re: ECF Nos. 11, 4, 4-1 |

    Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 11), a motion to amend and proposed amended complaint (ECF No. 4-1). The court grants the IFP application and motion for leave to amend. In addition, the court has screened the proposed amended complaint, and for the reasons set forth below, recommends that certain claims and defendants be dismissed and that others be dismissed with leave to amend.

**I. IFP APPLICATION**

    A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

    The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Motion to Amend**

Plaintiff filed a motion for leave to amend and proposed amended complaint before filing a completed IFP application. The motion for leave to amend (ECF No. 4) is **GRANTED**, and the court will now screen the proposed amended complaint.

**C. Plaintiff's Proposed Amended Complaint**

The proposed amended complaint names as defendants: Cathy Tuni, Chairwoman of the Fallon Paiute-Shoshone Tribe (FPST); Andrew Hicks, Councilperson for the FPST; Jane/John

Does 1-3, councilpersons for the FPST; Acosta, Tribal Judge for the FPST; Jane Doe 4 Tribal Prosecutor for the FPST; Robert Greggs, FPST Public Safety Tribal Police; Shasta Juarez, FPST Public Safety Tribal Police; John Doe 5 FPST Public Safety Tribal Police; Ty Morely, Nevada Legal Services, Public Safety Tribal Court, Defense Public Defender for FPST; John Doe 6 Director of Nevada Legal Services, Public Safety Tribal Court, Public Defender for FPST; John Doe 7 Churchill County Sheriff Elect; John Doe 8 Churchill County Sheriff Deputy Dispatcher; Frank Honeywell, Lyon County Sheriff Elect; E. Castaneda, Lyon County Booking Deputy; Darrin Balaam, Washoe County Sheriff elect.

Plaintiff alleges that he was living ten miles out of town on a private residential property not owned by the FPST. There was an accidental fire at the home due to a faulty electrical circuit on September 5, 2022. Then, on October 4, 2022, a 911 emergency fire incident call was made by the FPST police that went to the Churchill County Sheriff's Office regarding another fire at the home.

Greggs and Juarez of the FPST Tribal Police entered the back yard of the property and *Mirandized* Plaintiff, arrested him, put him in restraints and transported him to the Lyon County Sheriff's Office jail, and would not let him speak to the Churchill County Volunteer Fire Department Fire Marshall to notify him of the cause of the fire.

Plaintiff alleges that Lyon County Sheriff Frank Honeywell and booking deputy Castaneda illegally incarcerated Plaintiff pursuant to a "mutual agreement contract" (also referred to as a "MOU," presumably referring to a Memorandum of Understanding). Plaintiff characterizes the MOU as a document made by the FPST tribal councilmembers to have FPST Public Safety enforce State of Nevada authority in federal jurisdiction. He claims this agreement is unconstitutional.

Plaintiff goes on to allege that on October 11, 2022, Tribal Judge Acosta knew or should have known that Ty Morely of Nevada Legal Services is not a licensed attorney, but he was appointed to represent Plaintiff in his criminal case. In addition, he avers that Plaintiff was not permitted to be present at his initial appearance, and Tribal Judge Acosta refused to provide Plaintiff a copy of his criminal complaint.

Then, on November 29, Plaintiff was transported by FPST Tribal Police from the Lyon County Sheriff's Office to the Washoe County Sheriff's Office (Darrin Balaam is the Washoe County Sheriff). Plaintiff claims this was also done pursuant to an illegal MOU to enforce State laws and authority in federal jurisdiction.

Plaintiff's proposed amended complaint contains two counts.

In Count I, Plaintiff sues for violation of the First Amendment (retaliation); Fifth Amendment (separation of powers/due process); the Sixth Amendment (denial of adequate notice of criminal charges); the Fourteenth Amendment (racial discrimination), and for conspiracy under 42 U.S.C. § 1983.

First, Plaintiff contends that the Defendants each illegally enforce State laws and/or authority through the MOU between the FPST/Department of Public Safety and the Churchill County Sheriff's Office, Lyon County Sheriff's Office, and Washoe County Sheriff's Office. They did so when they targeted Plaintiff on October 4, 2022, for re-arrest, prosecution, and incarceration for being a Native American who was previously arrested and imprisoned in Nevada state court. He states the Defendants have been deliberately indifferent to his rights under the Equal Protection Clause.

Next, he alleges the home that caught fire does not belong to the FPST, but was put there by the FPST because the tribe destroyed Plaintiff's home in 2007 (that he inherited from Russell

Steve, Sr.). Plaintiff states that in 2007, FPST housing authority employees were embezzling, and tribal members directed Plaintiff's brother, Russell Leon Steve, Jr., to tear down the home in exchange for a promised five-bedroom home and an award in excess of $300,000 that was never paid. Plaintiff asserts that Defendants are causing Plaintiff to go homeless again. He claims this is retaliation over the embezzlement scheme that was going on at the housing authority in the FPST in 2007-2008.

Count II asserts the same constitutional provisions were violated. In this count, Plaintiff alleges that each of the three sheriffs (Churchill County, Lyon County, and Washoe County) knew or should have known that they do not have jurisdiction to enforce State laws in federal jurisdiction without following proper notice requirements. He asserts that any contract to violate his rights on private property is illegal.

Next, Plaintiff alleges Defendants carried out a policy with FPST councilmembers to adopt state policies in their tribal constitution in 2022, such as allowing recreational and medicinal marijuana, which Plaintiff claims is illegal because the FPST is in federal jurisdiction.

Plaintiff goes on to allege that Defendants are not federalized by an academy federally recognized for enforcing federal law in federal jurisdiction pursuant to the treaty.

**D. Analysis**

**1. Tribal Defendants**

Plaintiff sues the following tribal defendants in their official and "unofficial" or personal/individual capacities: Cathy Tuni (FPST Chairwoman), Andrew Hicks (FPST Councilperson), Jane/John Does 1-3 (FPST Councilpersons), Acosta (FPST Tribal Judge), Jane Doe 3 (FPST Tribal Prosecutor), Robert Greggs (FPST Public Safety Tribal Police), and Shasta Juarez (Public Safety Tribal Police). He also sues Ty Morely, whom Plaintiff describes as

Nevada Legal Services FPST Tribal Court Public Defender, and John Doe 6 Nevada Legal Services Director, FPST Tribal Court Public Defender. It is unclear whether the latter two defendants are tribal or non-tribal defendants.

"Tribal sovereign immunity protects Indian tribes from suit absent express authorization by Congress or clear waiver by the tribe." *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (quotation marks and citation omitted). "Tribal sovereign immunity also protects tribal employees in certain circumstances,' … namely, where a tribe's officials are sued in their *official* capacities." *Id*. (emphasis added) (quoting *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013)). In other words, "[a] suit against … [a tribe's] officials in their official capacities is a suit against the tribe [that] is barred by tribal sovereign immunity." *Id*. (citation and quotation marks omitted). Therefore, the court should dismiss the tribal defendants to the extent they are sued in their official capacities. Any further amended pleading shall clarify whether Ty Morely and the John Doe 6 Nevada Legal Services Director are being sued as tribal or non-tribal defendants. If they are sued as tribal defendants, they may not be sued in their official capacities.

"[T]ribal defendants sued in their *individual* capacities for money damages are not entitled to sovereign immunity, even though they are sued for actions taken in the course of their official duties." *Id*. (citing *Maxwell*, 708 F.3d at 1089).

The court must now address the intersection of tribal sovereign immunity principles and section 1983. Even if a tribal official is sued in his individual capacity, whether the defendants "were acting under color of state or tribal law" when they engaged in the conduct alleged to violate the constitution "*is* a necessary inquiry for purposes of establishing the essential elements of the [plaintiff's] § 1983 claim[.]" *Id*. at 1114 (emphasis original). That is because "[t]o maintain an action under section 1983 against … individual defendants, [a plaintiff] must …

show: (1) that the conduct complained of was committed by a person acting under the color of *state law*; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id*. (citation and quotation marks omitted, emphasis original). "[A]ctions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of *tribal* law." *Id*. (citations omitted, emphasis added).

Here, Plaintiff does not include sufficient factual allegations to demonstrate that the tribal defendants were acting under color of *state* law to maintain an action against them under section 1983. Therefore, the tribal defendants should also be dismissed insofar as they are sued in their *individual capacities*. However, Plaintiff should be given leave to amend to attempt to allege, if he can, that they were acting pursuant to *state* law.

**2. First Amendment Retaliation**

Plaintiff alleges he is a victim of retaliation by the FPST and the Department of Public Safety for re-arrest, incarceration, and prosecution related to the second fire at the property.

If Plaintiff is only suing tribal defendants, it appears that unless he includes factual allegations demonstrating that the tribal defendants were acting pursuant to *state law,* that Plaintiff's claim, if any, would arise under the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1301-1303. ICRA "extended to tribes most (but not all) of the civil protections in the bill of Rights." *Tavares v. Whitehouse*, 851 F.3d 863, 866-67 (9th Cir. 2017). "Because § 1303 provides the exclusive federal remedy for tribal violations of the ICRA, unless a petitioner is in "detention by order of an Indian tribe," the federal courts lack jurisdiction over an ICRA challenge and the complaint must be brought in tribal court." *Id*. at 867 (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978)).

The Supreme Court explained: "[P]roviding a federal forum for issues arising under § 1302 constitutes an interference with tribal autonomy and self-government beyond that created by the change in substantive law itself." *Santa Clara Pueblo*, 436 U.S. at 59. "Congress' failure to provide remedies other than habeas corpus [in Title I of ICRA] was a deliberate one." *Id*. at 61 (citation omitted). "Creation of a federal cause of action for the enforcement of rights created in Title I, however useful it might be in securing compliance with § 1302, plainly would be at odds with the congressional goal of protecting tribal self-government." *Id*. at 64. Instead, "[t]ribal forums are available to vindicate rights created by the ICRA[.]" *Id*. at 65. "[E]fforts by the federal judiciary to apply the statutory prohibitions of § 1302 in a civil context may substantially interfere with a tribe's ability to maintain itself as a culturally and politically distinct entity." *Id*. at 72.

According to the docket, Plaintiff is not currently in "detention by order of an Indian tribe." Therefore, his retaliation claim, insofar as the tribal defendants were acting pursuant to tribal law, should be dismissed to be asserted, if appropriate, in tribal court.

To the extent Plaintiff intends this claim to apply to non-tribal defendants, and to the extent he amends to add facts to demonstrate the tribal defendants were acting pursuant to *state* law, "'as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). The plaintiff must allege a "causal connection" between the "government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Id*. (citing *Hartman*, 547 U.S. at 259). The retaliatory motive "must *cause* the injury." *Id*. In a claim of retaliatory prosecution, the Plaintiff must "plead and

9

prove the absence of probable cause for the underlying criminal charge." *Id*. (citing *Hartman*, 547 U.S. at 265-66).

In *Nieves*, the Supreme Court held that a plaintiff asserting a retaliatory arrest claim must likewise "plead and prove the absence of probable cause for the arrest." *Nieves*, 139 S.Ct. at 1724. Although that requirement "should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id*. at 1727.

It is not clear from the complaint exactly how Plaintiff claims he was retaliated against or whom specifically was responsible for the retaliation, or even the source of such a right in this context. Again, for the tribal defendants, Plaintiff must also include factual allegations to demonstrate they were acting pursuant to *state* law. Therefore, this claim should be dismissed, but with leave to amend as to the *non-tribal* defendants (if Plaintiff seeks to pursue this claim against any of them), and as to the *tribal* defendants *if* he can allege facts demonstrating they were acting pursuant to *state* law.

**3. Fifth Amendment Separation of Powers/Due Process**

Plaintiff alleges that he was illegally targeted by the Churchill County Sheriff's Office and then incarcerated in Lyon County (by Lyon County Sheriff Honeywell and Booking Deputy Castaneda), and then in Washoe County (through Sheriff Balam and the Doe booking deputy) pursuant to the MOU made by the FPST tribal council members and Public Safety in order to enforce State of Nevada authority in federal jurisdiction. He avers the Defendants are violating federal law because they are not federalized by an academy federally recognized to enforce federal law.

Plaintiff includes no *factual* allegations about the MOU or *how* it violates the Constitution. Moreover, it appears that Plaintiff's claim may be foreclosed by the Ninth Circuit's decision in *United States v. Fowler*, 48 F.4th 1022 (9th Cir. 2022) (finding that entering into a cross-deputization agreement with state and local law enforcement was a permissible exercise of the tribe's sovereign authority). However, because the parameters of the agreement at issue here are not clear from the face of the complaint, Plaintiff should be given leave to amend for this claim.

Plaintiff also alleges that Defendants carried out a policy with the FPST council members to adopt state laws into their tribal constitution in 2022, such as adopting recreational and medicinal marijuana laws that the State enjoys. Plaintiff claims this is illegal because FPST is in federal jurisdiction (and marijuana is still criminalized federally).

With respect to this portion of his claim, Plaintiff does not include sufficient *facts* for the court to determine if he states a valid claim. Plaintiff should be given leave to amend to include additional *factual* allegations regarding the alleged policy and laws regarding recreational and medicinal marijuana that Plaintiff claims tribal officials adopted, and the impact of these alleged policies. Plaintiff must also allege what defendants were involved in the alleged constitutional violation and what each defendant did to violate Plaintiff's rights. Plaintiff should note that it is up to the federal government to decide whether and how to *criminally* enforce federal laws regarding marijuana.

**4. Sixth Amendment Denial of Adequate Notice of Criminal Charges**

The Sixth Amendment of the United States Constitution provides the accused the right "to be informed of the nature and cause of the accusation[.]" U.S. Const. amend VI. Plaintiff's allegations indicate that he was facing criminal proceedings in *tribal court*, and the U.S.

Supreme Court has held that "the Sixth Amendment does not apply to tribal-court proceedings." *U.S. v. Bryant*, 579 U.S. 140, 143 (2016) (citing *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 337 (2008). ICRA governs criminal proceedings in tribal courts. "In addition to other enumerated protections, ICRA guarantees 'due process of law,' 25 U.S.C. § 1302(a)(8), and allows tribal-court defendants to seek habeas corpus review in federal court to test the legality of their imprisonment, § 1303." *Id*. ICRA includes the right of a person in a criminal proceeding "to be informed of the nature and cause of the accusation." 25 U.S.C. § 1302(a)(6).

By allowing the tribal court defendant to seek habeas review in federal court, the defendant "may challenge the fundamental fairness of the proceedings in tribal court." *Bryant,* 579 U.S. at 157.

As noted above, because Plaintiff is not currently in "detention by order of an Indian tribe," the federal court lacks jurisdiction over his ICRA challenge. *Tavares,* 851 F.3d at 866. As such, his Sixth Amendment claim should be dismissed so that he may bring it in tribal court.

**5. Fourteenth Amendment Equal Protection (Racial Discrimination)**

Plaintiff alleges that he was targeted, re-arrested, incarcerated, and prosecuted because he is Native American with a previous state conviction.

To the extent Plaintiff's claim is brought against *tribal* members acting pursuant to *tribal* law, Plaintiff's claim would be governed by ICRA, 25 U.S.C. § 1302(a)(8), which prohibits a tribe from denying "any person within its jurisdiction the equal protection of the laws." Since Plaintiff is not in detention by order of a tribe, he must bring such a claim in tribal court. *See Santa Clara Pueblo*, 436 U.S. 49 (Indian brought claim in federal court based on equal

protection provision in ICRA and the Court rejected the argument that ICRA impliedly authorized civil suits against the tribe and its officers in federal court).

Insofar as Plaintiff brings this claim against non-tribal members, and potentially against tribal members acting pursuant to *State* law, the Fourteenth Amendment provides that no state shall "deny to any person .. the equal protection of the laws." U.S Const. amend 14, § 1. Classifications based on race are subject to strict scrutiny. *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 143 S.Ct. 2141, 2162 (2023). That requires the court to determine whether the race-based classification is used to "further compelling government interests," and if so, "whether the government's use of race is 'narrowly tailored'—meaning 'necessary'—to achieve that interest." *Id*. (quoting *Fisher v. Univ. of Texas at Austin*, 570 U.S. 297, 311-12 (2013)).

Plaintiff provides a conclusory statement that he suffered alleged adverse action because he is Native American, but he fails to include any *factual* allegations to support this conclusion. Nor does he connect the alleged racial discrimination the conduct of any particular defendant. Therefore, Plaintiff's equal protection clause claim should be dismissed. However, he should be given leave to amend to attempt to cure these deficiencies as to the *non-tribal* defendants, and any *tribal* defendants he alleges were acting pursuant to *state* law.

**6. Conspiracy**

To prevail on a claim for conspiracy to violate one's constitutional rights under 42 U.S.C. § 1983, the plaintiff must show specific facts to support the existence of the claimed conspiracy. *Karim-Panahi* v. *Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). The elements of a conspiracy claim brought under section 1983 are: (1) an agreement or meeting of the minds to violate constitutional rights, and (2) an actual deprivation of those rights resulting from the

alleged conspiracy. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *see also Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006).

Plaintiff includes no *factual* allegations to support his conspiracy claim. Therefore, this claim should also be dismissed with leave to amend.

### III. ORDER

(1) Plaintiff's IFP application (ECF No. 11) is **GRANTED**.

(2) Plaintiff's motion for leave to amend (ECF No. 4) is **GRANTED** and the Clerk shall **FILE** the amended complaint (ECF No. 4-1).

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order as follows:

(1) **DISMISSING** the *tribal* defendants insofar as they are sued in their *official* capacities. Plaintiff should be required to clarify in any amended pleading whether Ty Morely and the John Doe 6 Nevada Legal Services Director are being sued as tribal or non-tribal defendants; and if they are being sued as tribal defendants, Plaintiff may not proceed against them in their official capacities.

(2) **DISMISSING** the tribal defendants **WITH LEAVE TO AMEND** insofar as he sues them in their *individual* capacities, so that Plaintiff can attempt to allege, if appropriate, that they were acting pursuant to *state* law.

(3) **DISMISSING** the First Amendment retaliation claim against the *tribal* defendants who are alleged to have acted pursuant to *tribal law* so that Plaintiff can raise such claim in *tribal* court; however, to the extent he intends to pursue his First Amendment retaliation claim against *non-tribal* defendants or *tribal defendants* acting pursuant to *state* law, the claim should be **DISMISSED WITH LEAVE TO AMEND**.

(4) **DISMISSING** the Fifth Amendment separation of powers claim **WITH LEAVE TO AMEND**.

(5) **DISMISSING** the Sixth Amendment adequate notice of charges claim so that Plaintiff may raise that claim in *tribal* court.

(6) **DISMISSING** the Fourteenth Amendment equal protection claim against *tribal* defendants acting pursuant to *tribal* law so that he may raise the claim in *tribal* court; however, to the extent he intends to proceed with this claim against *non-tribal* defendants and/or *tribal* defendants acting pursuant to *state* law, the claim should be **DISMISSED WITH LEAVE TO AMEND**.

(7) **DISMISSING** the conspiracy claim **WITH LEAVE TO AMEND**.

(8) Plaintiff should be given **30 DAYS** from the date of any order adopting this report and recommendation to file a second amended complaint correcting the deficiencies noted above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as the second amended complaint. Plaintiff should be cautioned that if he fails to timely file his second amended complaint, his action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

1 | Report and Recommendation" and should be accompanied by points and authorities for
2 | consideration by the district judge.
3 |    2. That this Report and Recommendation is not an appealable order and that any notice of
4 | appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
5 | until entry of judgment by the district court.

Dated: August 28, 2023

_____
Craig S. Denney
United States Magistrate Judge