UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAWSON GUY STEVE,<br><br>                       Plaintiff,<br>    v.<br><br>CATHY TUNI, *et al*.,<br><br>                       Defendants. | Case No. 3:22-cv-00506-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Lawson Guy Steve submitted a proposed amended complaint for violation of his civil rights under 42 U.S.C. § 1983. (ECF No. 4-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Court enter an order dismissing certain claims and defendants, some with leave to amend, and granting Plaintiff leave to file a second amended complaint consistent with these requirements. (ECF No. 13.) Objections to the R&R were due September 11, 2023. (*See id.*) To date, Steve has not objected to the R&R. However, after the objection deadline, Plaintiff filed a Second Amended Complaint. (ECF No. 18 ("SAC").) As explained below, the Court adopts the R&R in full. The Court will screen Steve's SAC in accordance with Judge Denney's R&R and this Order.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). In the R&R, Judge Denney recommends that the Court enter an order as follows. (1) Dismissing tribal defendants named in their official capacities; (2) dismissing tribal defendants with leave to amend to the extent that Steve sues them in their individual capacities; (3) dismissing the First

Amendment retaliation claim against the tribal defendants alleged to have acted under tribal law so that Plaintiff can raise such claims in tribal court, while dismissing the claim with leave to amend to the extent he sues non-tribal defendants or defendants under state law; (4) dismissing the Fifth Amendment separation of powers claim with leave to amend; (5) dismissing the Sixth Amendment adequate notice of charges claim so that Plaintiff may raise that claim in tribal court; (6) dismissing the Fourteenth Amendment equal protection claim against tribal defendants acting under tribal law so that Plaintiff may raise that claim in tribal court, while dismissing the claim with leave to amend to the extent that Plaintiff sues non-tribal defendants or defendants under state law; (7) dismissing the conspiracy claim with leave to amend; and (8) granting Plaintiff leave to file a SAC consistent with an order adopting the R&R. (ECF No. 13 at 14-15.)

First, with respect to naming tribal and non-tribal defendants, Judge Denney addresses tribal sovereign immunity as it intersects with Section 1983. (*Id.* at 6-8.) "Tribal sovereign immunity 'also protects tribal employees in certain circumstances' . . . namely, where a tribe's officials are sued in their official capacities." *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013)). In addition, "actions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law." *Id.* at 1114 (quoting *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989)). Because of these requirements, Judge Denney recommends that the Court dismiss tribal defendants to the extent that they are sued in their official capacities and that Plaintiff plead facts to clarify that tribal defendants sued in their individual capacities are acting under state—as opposed to tribal—law. (ECF No. 13 at 6-8.)

Next, Judge Denney applies these principles to each of Plaintiff's claims. He concludes that Plaintiff's First Amendment retaliation claim, to the extent that it is asserted against tribal defendants acting under tribal law, should be dismissed to be asserted in tribal court. (*Id.* at 9.) *See Tavares v. Whitehouse*, 851 F.3d 863, 866-67 (9th Cir. 2017) (finding that where the Indian Civil Rights Act ("ICRA") applies to extend the Bill of Rights

to tribes, federal courts lack jurisdiction in most circumstances). To the extent that Plaintiff brings claims against non-tribal defendants or tribal defendants acting under state law, Judge Denney concludes that Plaintiff must plead additional facts regarding retaliatory arrest and the absence of probable cause. (ECF No. 13 at 9-10.) *See Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019). Judge Denney thus recommends dismissal of this claim with leave to amend. (ECF No. 13 at 10.) Judge Denney applies the same fundamental analysis and distinctions between tribal and non-tribal defendants to Plaintiff's Fourteenth Amendment Equal Protection claim, also recommending dismissal with leave to amend. (*Id.* at 12-13.)

With regard to Plaintiff's Fifth Amendment separation of powers/due process claim, Judge Denney concludes that Steve must plead additional facts. (*Id.* at 11.) *See also United States v. Fowler*, 48 F.4th 1022 (9th Cir. 2022) (finding that entering into a cross-deputization agreement with state and local law enforcement was a permissible exercise of the tribe's sovereign authority). With regard to Plaintiff's Sixth Amendment claim, Judge Denney concludes that Steve must bring his claim in tribal court because it relates to violations which themselves occurred in tribal court, and ICRA governs tribal court proceedings. (ECF No. 13 at 11-12.) *See U.S. v. Bryant*, 579 U.S. 140, 143 (2016) ("[T]he Sixth Amendment does not apply to tribal-court proceedings."). Finally, with regard to Plaintiff's conspiracy claim, Judge Denney also concludes that Steve has failed to plead sufficient facts to support the elements of conspiracy. (ECF No. 13 at 13-14.) *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). In sum, the Court finds that Judge Denney has appropriately recommended dismissing claims and granting leave to amend.

///
///
///
///
///

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 13) is accepted and adopted in full. The Court will screen Steve's SAC (ECF No. 18) in accordance with the R&R and this Order.

DATED THIS 12th Day of October 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE