UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAWSON G. STEVE,<br><br>    Plaintiff<br><br>v.<br><br>TUNI, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00506-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 18 |

    This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Plaintiff's pro se second amended complaint (SAC) (ECF No. 18), which the court screens pursuant to 28 U.S.C. § 1915(e).

    After a thorough review, it is recommended that Plaintiff's complaint be dismissed.

**I. BACKGROUND**

    The court previously screened Plaintiff's first amended complaint (FAC) (ECF No. 14), where Plaintiff sued various councilmembers of the Fallon Paiute-Shoshone Tribe (FPST), a FPST tribal judge, Doe FPST prosecutor, FPST tribal police officers, a Nevada Legal Services attorney who served as his defense counsel, the Director of Nevada Legal Services, and various defendants from the Churchill County, Lyon County and Washoe County Sheriffs' offices. The court entered the following order regarding the FAC: (1) insofar as the trial defendants were sued in their official capacities, they were dismissed; (2) insofar as the tribal defendants were sued in their individual capacities, they were dismissed with leave to amend; (3) the First Amendment retaliation claim against the tribal defendants alleged to have acted under tribal law was

dismissed to be raised in tribal court, but the claim was dismissed with leave to amend to the extent Plaintiff sues non-tribal defendants or defendants under state law; (4) the Fifth Amendment separation of powers claim was dismissed with leave to amend; (5) the Sixth Amendment adequate notice of charges claim was dismissed so Plaintiff could raise it in tribal court; (6) the Fourteenth Amendment equal protection claim against tribal defendants acting under tribal law was dismissed so Plaintiff could raise it in tribal court, but to the extent Plaintiff sued non-tribal defendants or defendants under state law, the claim was dismissed with leave to amend; (7) the conspiracy claim was dismissed with leave to amend. (ECF Nos. 13, 19.)

Plaintiff has now filed his SAC. (ECF No. 18.)

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Plaintiff's SAC**

Plaintiff's SAC names the following Defendants: FPST Chairwoman Cathy Tuni, FPST Vice Chairman Andrew Hicks, FPST Treasurer Vickie Moyle, FPST Councilpersons Juanita George, Phillip Johnson, Edwin Conway, FPST Tribal Judge Ramon Acosta, FPST Tribal Prosecutor Anna Laughlin, FPST Tribal Police Officer Shasta Juarez, John Doe FPST Tribal Police transport officer, Nevada Legal Services Tribal Court defense counsel Ty Morely, Nevada Legal Services Director/FPST Tribal Court Public Defender Alex Cherup, Lyon County Sheriff Elect Frank Honeywell, Lyon County Booking Deputy E. Castaneda, Washoe County Sheriff Darrin Balaam, and Jane Doe Washoe County Booking Deputy.

1    Plaintiff alleges that on September 7, 2022, there was an accidental fire at the home
2 Plaintiff was living caused by a faulty electrical circuit. Then, on October 5, 2022, a 911
3 emergency fire incident call was made by the FPST Tribal Police that went to Churchill County
4 dispatch regarding another fire at the home. FPST Tribal Police Officers Gregg and Juarez
5 arrived on scene, read Plaintiff his rights, arrested him and put him in handcuffs, and Juarez
6 transported Plaintiff to the Lyon County Jail. Plaintiff claims that his rights were violated
7 because he was not allowed to speak to the fire supervisor or chief about the cause of the fire.
8 Plaintiff further alleges that he was then charged with a "fictitious" crime of arson and reckless
9 burning, which he claims is based on a California Penal Code provision.

10    Plaintiff also mentions that he was placed in segregation and asserts that such placement
11 was disproportionate and punitive in nature. Plaintiff alleges that between October 5, 2022, and
12 January 24, 2023, Plaintiff, who is Native American, noticed that only Native American
13 detainees were placed in similar segregated status. He states that the majority in the Washoe
14 County Jail and Lyon County Jail is Caucasian. Plaintiff claims he was placed in segregation due
15 to his race, and he was treated differently than similarly situated inmates.

16    Insofar as Plaintiff is attacking the legality of a tribal law under which he faced criminal
17 charges in tribal court, Plaintiff must raise such a claim in tribal court. *See Santa Clara Pueblo v.*
18 *Martinez*, 436 U.S. 49, 65 (1978) ("Tribal forums are available to vindicate rights created by the
19 ICRA[.]"). Therefore, this claim should be dismissed, but without prejudice and without leave to
20 amend so Plaintiff may raise the claim, if appropriate, in tribal court.

21    To the extent Plaintiff alleges that FPST Tribal Officers Gregg and Juarez violated his
22 rights by not allowing him to speak with the fire supervisor or chief about the cause of the fire,
23 Plaintiff has not alleged *facts* demonstrating that these Defendants were acting pursuant to state

4

law; therefore, his claims against them must be asserted in tribal court. *See Pistor v. Garcia*, 791 F.3d 1104, 1110-1114 (9th Cir. 2015). Again, this claim should be dismissed without prejudice but without leave to amend so Plaintiff may raise the claim, if appropriate, in tribal court.

Plaintiff also vaguely references being denied due process once he was transported to the jail, but he does not include sufficient *facts* concerning how his rights were violated. Nor does he make a connection between the violation of his rights and any particular Defendant. Therefore, this claim should be dismissed with prejudice as Plaintiff has had several opportunities to attempt to state a viable claim.

Next, the court will address Plaintiff's racial discrimination claim. First, Plaintiff does not assert *whom* he is bringing this claim against. He mentions both Lyon County and Washoe County, but he does not indicate where he received the allegedly discriminatory treatment. Second, while he includes a recitation of the elements of a racial discrimination claim under the Fourteenth Amendment's Equal Protection Clause, he once again fails to include any *factual* details to support his claim, other than that he as a Native American was placed in segregation. He states he was treated differently than similarly situated detainees, but he does not describe how he was similarly situated to the other detainees. Finally, he does not connect the alleged racial discrimination to the conduct of any particular defendant. The court was clear in its prior Report and Recommendation that Plaintiff must connect the alleged racial discrimination to the conduct of a particular defendant. (ECF No. 13 at 13:14.) This claim should be dismissed. Plaintiff has had several opportunities to amend, therefore, at this point, the dismissal of the equal protection claim should be with prejudice.

While Plaintiff includes boilerplate allegations against certain of the other Defendants, he does not include sufficient *factual* allegations against them to state any cognizable claim for relief.

Plaintiff also references other constitutional amendments, but the limited facts alleged do not implicate any of those amendments.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DISMISSING WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND** Plaintiff's claim attacking the legality of the tribal law under which he faced criminal charges in tribal court so that Plaintiff may raise such claim, if appropriate, in tribal court;

(2) **DISMISSING WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND** Plaintiff's claim that FPST Tribal Officers Gregg and Juarez violated Plaintiff's rights by not allowing him to speak with a fire supervisor or chief about the cause of the fire so that Plaintiff may raise such a claim, if appropriate, in tribal court;

(3) **DISMISSING WITH PREJUDICE** Plaintiff's claim that his due process rights were violated once he was brought to the jail;

(4) **DISMISSING WITH PREJUDICE** Plaintiff's equal protection racial discrimination claim; and

(5) **DISMISSING WITH PREJUDICE** any remaining claims and defendants.

The Plaintiff should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 9, 2024

_____
Craig S. Denney
United States Magistrate Judge