UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAWSON GUY STEVE,<br><br>        Plaintiff,<br> v.<br>CATHY TUNI, *et al*.,<br><br>        Defendants. | Case No. 3:22-cv-00506-MMD-CSD<br><br>ORDER |

  *Pro se* Plaintiff Lawson Guy Steve asserts claims for violation of his civil rights under 42 U.S.C. § 1983.[1] In a prior order, the Court adopted United States Magistrate Judge Craig S. Denney's report and recommendation and permitted Plaintiff's Second Amended Complaint ("SAC") (ECF No. 18) to be screened. (ECF No. 19.) Judge Denney screened the SAC and now recommends dismissal. (ECF No. 22 ("R&R").) The Court has twice extended the deadlines for Plaintiff to file an objection to the R&R. (ECF Nos. 25, 26.) To date, no objection has been filed and last extension granted expired on August 21, 2024. (ECF No. 16.) As explained below, the Court adopts the R&R.

  Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). In the R&R, Judge Denney recommends that the Court enter an order as follows. (1) Dismissing the claim that challenges the legality of tribal law under which Plaintiff faces criminal charges in tribal court for lack of subject matter jurisdiction; (2) dismissing the claim based on allegations

---

[1]Defendants include various members of the Fallon Paiute-Shoshone Tribe ("FPST"), attorneys who served as his defense counsel and other defendants from several counties. (ECF No. 14.)

that FPST Officers Gregg and Juarez violated Plaintiff's rights by not allowing him to speak with the fire supervisor or chief about the cause of the accidental fire at his house because Plaintiff has not alleged they acted under state law so these claims must be raised in tribal court; and (3) dismissing the remaining claims, including claims for due process violations and racial discrimination, because the allegations supporting these claims are vague and conclusory. (ECF No. 22 at 4-6.) Judge Denney recommends dismissing these latter claims with prejudice because Plaintiff has had several opportunities to attempt to state a claim. While the Court agrees with Judge Denney as to the deficiencies discussed in the R&R, the Court finds it appropriate to dismiss without prejudice given Plaintiff's *pro se* status.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 22) is accepted and adopted.

It is further ordered that Plaintiff's claim challenging the legality of tribal law under which he faces criminal charges in tribal court is dismissed without prejudice but without leave to amend so that Plaintiff may raise such claim, if appropriate, in tribal court.

It is further ordered that Plaintiff's claim that FPST Officers Gregg and Juarez violated his rights by not allowing him to speak with a fire supervisor or chief is dismissed without prejudice but without leave to amend so that Plaintiff may raise such claim, if appropriate, in tribal court.

It is further ordered that the remaining claims are dismissed without prejudice.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 18th Day of September 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE